Lucas **BURGESS, et ux, Plaintiffs,**

v.

Sheriff Gene **FISCHER,**
**et al., Defendants.**

Case No. 3:10–cv–024.

United States District Court,
S.D. Ohio,
Western Division at Dayton.

Sept. 29, 2010.

ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS SHERIFF GENE FISCHER, THE BOARD OF COUNTY COMMISSIONERS OF GREENE COUNTY, OHIO, MAJ. ERIC PRINDLE, DEP. JOSHUA S. BARRETT, DEP. GLEN E. McKINNEY, DEP. MATTHEW C. SORTMAN, AND DEBBIE JORDAN'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. 5), GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT (Doc. 13), FINDING MOOT PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE AN AFFIDAVIT OF MERIT (Doc. 14), AND DENYING DEFENDANTS' MOTION TO STRIKE. (DOC. 19).

THOMAS M. ROSE, District Judge.

Pending before the Court are Defendants' Motion for Partial Judgment on the Pleadings (Doc. 5), Plaintiffs' Motion to Amend Complaint (Doc. 13), Plaintiffs' Motion for Extension of Time to File (Doc. 14), and Defendants' Motion to Strike Plaintiffs' Notice of Filing the Affidavit of Merit (Doc. 19). Defendants' Motion for Dismissal will be granted with regard to the federal conspiracy claim, the Board's statutory immunity against state-law claims, the state-law claims against all Defendants in their official capacities, and the state-law tampering with evidence claim. Plaintiffs' Motion to Amend (Doc. 13) will be granted on the condition that the proposed amended complaint is modified only to remove dismissed claims and parties. Plaintiffs' Motion for Extension of Time is moot for the reasons set forth below.

## I. Background

According to the complaint, on January 23, 2009, Plaintiff Lucas Burgess was arrested and transported to the Greene

Douglas Casteel, Miamisburg, OH, Dwight Dean Brannon, Dayton, OH, for Plaintiffs.

Edward Joseph Dowd, Kevin A. Lantz, Surdyk Dowd & Turner Co. LPA, Miamisburg, OH, Bridget E. Carty, Ohio Attorney General's Office, Special Prosecutions, Zachary Swisher, Office of the Ohio Attorney General, Columbus, OH, for Defendants.

County Jail in Xenia in an intoxicated and belligerent state after failing field sobriety tests. (Compl. at ¶¶ 16, 25–34.) Plaintiffs allege that during transport, Trooper Griffith fomented an overreaction from the Greene County Deputies by exaggerating Plaintiff Lucas's condition. (*Id.* at ¶ 35.) Upon arriving at the jail, Defendant Sortman and at least one other deputy began a "pat down" search of Plaintiff Lucas. (*Id.* at ¶ 37.) Allegedly, Plaintiff Lucas made a lewd, inflammatory comment to one the Defendants searching him, at which point Defendant McKinney is alleged to have authorized Defendants Barrett, Sortman, and Downing to throw Plaintiff Lucas to the ground. (*Id.* at ¶¶ 38–40; Am. Compl. at ¶ 38) At that point, the complaint states that the other Defendant Deputies tackled the handcuffed Plaintiff to the floor, fracturing his face and knocking out several teeth. (Compl. at ¶¶ 41, 44.)

After Plaintiff Lucas was taken to a cell, Defendant Jordan examined him and noted a small cut, bruising, and swelling. (*Id.* at ¶¶ 42–43.) Allegedly, Defendant Jordan negligently failed to ascertain the true extent of Plaintiff Lucas's injuries, including a broken jaw, facial fractures, and lost teeth, and all Defendants except Griffith are alleged to have failed to provide him with adequate medical care despite Plaintiff's visible need for such care. (*Id.* at ¶¶ 43–45, 69.) The alleged excessive use of force and deprivation of medical treatment form the bases of Plaintiffs' claims.

On January 22, 2010, Plaintiff Lucas Burgess and his wife, Plaintiff Angela Burgess, filed suit against the Board of County Commissioners of Greene County, Sheriff Gene Fischer, Major Eric Prindle, Deputy Joshua S. Barrett, Deputy Glen E. McKinney, Deputy Matthew C. Sortman, Deputy Naomi C. Downing, Trooper David S. Griffith, and Debbie Jordan, L.P.N. Their 11 claims encompass both federal and state law. The 42 U.S.C. § 1983 federal law claim for violation of civil rights includes 5 branches, namely: excessive use of force; denial of right to health care; policies and procedures; failure to train, supervise, and discipline; and failure to intervene. The 10 state law claims are malice and gross, wanton, willful, and reckless negligence; assault; battery; loss of consortium; intentional infliction of emotional distress; conspiracy to falsify reports; tampering with evidence and falsification; spoliation of evidence/interference with right to remedy; medical negligence; and conspiracy.

Before answers had been filed, Defendant Griffith moved for a more definite statement, which the Court denied. After answers had been filed, Defendants Fischer, Board, Prindle, Barrett, McKinney, Sortman, and Jordan filed a Motion for Partial Judgment on the Pleadings with regard to the claims asserted against them, but not for every claim against every individual. Taking note of Defendants' arguments against them, Plaintiffs filed a Motion for Leave to Amend their Complaint (Doc. 13) and a Motion for Extension of Time to File an Affidavit of Merit (Doc. 14). Plaintiffs' Motion for Leave to Amend their Complaint is unopposed, while their Motion for Extension of Time is opposed on the basis that dismissal is the proper remedy for failure to file an affidavit of merit. Plaintiffs have filed a Notice of Filing the Affidavit of Merit (Doc. 18) before the Court has ruled on their Motion for Extension of Time to File an Affidavit of Merit (Doc. 14), and Defendants have filed a Motion to Strike aforementioned Notice (Doc. 19) in response.

## II. Standard of Review

When reviewing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court must "construe the complaint in the light most fa-

vorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir.2001) *citing Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999). Only when there are no disputed material facts and the moving party is entitled to judgment as a matter of law should the motion be granted. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

In determining the sufficiency of a claim, the allegations must "give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir.2010) *citing Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 *quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint should be freely given when justice so requires. "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) *citing Ford v. Ford*, 371 U.S. 187, 83

S.Ct. 273, 9 L.Ed.2d 240 (1962); *Marx v. Centran*, 747 F.2d 1536, 1550 (6th Cir. 1984).

## III. Analysis

The majority of the arguments raised in the Motion for Partial Judgment on the Pleadings assert that claims in the complaint fail to state a claim for which relief can be granted.

### A. Conspiracy

Plaintiff has broken Count One of the Amended Complaint into five branches. The five branches of constitutional violations were assertedly committed by individual Defendants and also by them in a conspiracy. In their Motion, Defendants argue that Plaintiffs do not meet the burden required for pleading a federal conspiracy claim under 42 U.S.C. § 1983. Plaintiffs apparently agree, as their proposed Amended Complaint contains no reference to conspiracy in their federal claims. (Doc. 13 Ex. 1 at ¶¶ 51–106.) Thus, Defendants' request that the Court dismiss Plaintiffs' conspiracy claims is moot.

### B. Excessive Force

Count One, Branch One of the Amended Complaint asserts that Defendants McKinney, Barrett, Sortman and Downing unconstitutionally utilized excessive force against Plaintiff Lucas. Doc. 13–1 at ¶ 56. Defendants argue in their motion that Count One, Branch One is impermissibly vague, as the original complaint did not specify which Defendants were charged with liability for this claim. The amended complaint, however, has rendered this assertion moot, as four defendants are now named as liable for this claimed violation.

## C. Denial of Right to Health Care

■ Count One, Branch Two of the complaint asserts an unconstitutional denial of the right to health care. Both parties agree that the standard for a constitutional violation of the right to health care is "deliberate indifference," containing both an objective and subjective component. (Doc. 5 at 12–13, Doc. 11 at 8–9 *citing Harris v. City of Circleville*, 583 F.3d 356 (6th Cir.2009).) Defendants argue that Plaintiffs fail to allege facts supportive of the subjective component. (Doc. 5 at 13). However, the 6th Circuit has held that "[b]ecause government officials do not readily admit the subjective component of this test, it may be 'demonstrat[ed] in the usual ways, including inference from circumstantial evidence ... and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir.2009) *citing Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002). Given that Plaintiffs allege obvious injuries such as knocked out teeth (Doc. 1 at ¶ 68), it is plausible that such injuries could be found to constitute an obvious risk satisfying the subjective component of the "deliberate indifference" test. The proposed Amended Complaint adds to this assertion, "plaintiff's physical appearance (i.e., severe bruising, facial fractures, busted teeth, bleeding, indents on Plaintiff's shaved head which would have obviously indicated cranial injury) should have made it obvious to Defendants that Plaintiff was in serious need of medical/dental attention." (Doc. 13–1, ¶ 75). Plaintiff's proposed Amended Complaint remedies the inadequacies complained of in Defendants' motion.

## D. Policies and Procedures

■ Count One, Branch three alleges that Defendants Fischer, Prindle and the Clinton County Board of County Commissioners failed to maintain policies to "prevent[ ] ... violent and savage conduct ... and [to] provi[de] ... proper medical and dental services to individuals in Plaintiff's position." Defendants request that this claim be dismissed.

■ *Respondeat superior* does not apply to municipalities for claims under § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, a government entity is liable under § 1983 only if a plaintiff can establish that an officially executed policy or the toleration of a custom within the government entity deprived the plaintiff of that right. *Id.* at 691, 98 S.Ct. 2018. Thus, Plaintiff must establish that: (1) a constitutional violation occurred; and (2) the government entity is responsible for the violation. *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018).

Liability may also be imposed upon a municipality on the basis of failure to train, where the "failure to train amounts to deliberate indifference." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir.2005). "To succeed on a failure to train or supervise claim, a plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir.2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir.1992)).

"There must be a 'direct causal link' between the policy (or lack of policy) and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Graham*, 358 F.3d at 383 (cit-

ing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir.2001)).

Here, the proposed amended complaint alleges a cognizable injury with sufficient specificity that discovery may lead to evidence of a policy under which Defendants allowed such unconstitutional actions or a pattern of Defendants tolerating such actions. Therefore, the motion for judgment on the pleadings on this claim will be denied.

## E. Training, Supervision, and Discipline

■ Count One, Branch Four of the proposed amended complaint asserts a claim of failure to train, supervise and discipline. "To establish a failure to train claim, a complaint must set forth sufficient facts connecting the victim's injury with a municipal policy, custom or practice and it must allege that the defendants' 'failure to train amount[ed] to deliberate indifference to the rights of' the [plaintiff]." *Moreno v. Metropolitan Gen. Hosp.*, 210 F.3d 372, 2000 WL 353537 at *2 (6th Cir.2000) (unpublished table decision) *citing City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Deliberate indifference of a government entity can be demonstrated for the purposes of surviving a motion to dismiss by the allegation of failure to train employees in the proper use of excessive force. *Id.* With regard to whether a single violation can be indicative of deliberate indifference, the Supreme Court has held that if "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, ... the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390, 109 S.Ct. 1197. Deliberate indifference can be inferred based on "[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights." *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 409, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Because there are allegations in the complaint which, if proved, would allow one to conclude that the County employees were unconstitutionally untrained, Count One, Branch Four will not be dismissed.

## F. Failure to Intervene

■ Count One, Branch Five asserts a claim for unconstitutional failure to intervene to protect Plaintiff Lucas. In order to establish liability for failing to intervene in the use of excessive force, it must be shown that "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). Plaintiffs allege that Defendant McKinney gave an order to throw Plaintiff Lucas to the ground. Defendants request that this claim be dismissed for failure to specify which defendants failed to intervene. Plaintiffs' proposed amended complaint refers to "all Defendants present." In the context of this case, this is sufficiently precise. Discovery will reveal which defendants were present. This portion of Defendants' motion will be denied.

## G. Immunity from State Law Claims

■ In their Motion, Defendants claim that Plaintiffs do not plead conduct sufficient to abrogate immunity from state law claims for the County Defendants. Ohio Revised Code § 2744.03(A)(6)(ab) gives immunity to an employee of a political subdivision unless their conduct was outside the scope of employment or was malicious, in bad faith, reckless, or wanton. Plaintiffs assert that Defendants' actions were within the scope of their employment (Doc. 1 at

852

¶ 48), and they further aver that the actions giving rise to their claim were "reckless" and "malicious" (Doc. 1 at ¶ 62). The alleged incident during Plaintiff Lucas's booking and the obviousness of his claimed injuries support Plaintiffs' assertion of the state of mind of the Defendants, and as such, Counts 2 through 6 remain against the County Defendants in their individual capacities.

▪ The Board of County Commissioners, however, is immune from Plaintiffs' state law claims. Ohio Revised Code § 2744.02(A)(1) grants immunity to political subdivisions such as Greene County, subject only to the exceptions laid out in 2744.02(B). *Rankin v. Cuyahoga County Dep't of Children & Family Servs.*, 118 Ohio St.3d 392, 395, 889 N.E.2d 521 (2008). Plaintiffs have not alleged the applicability of any of the statutory exceptions. Additionally, Ohio law holds that a claim against an officer in his "official capacity" is simply another way of phrasing a claim against the governmental entity itself. *Norwell v. City of Cincinnati*, 133 Ohio App.3d 790, 729 N.E.2d 1223 (Ohio Ct.App. 1999). The Sixth Circuit has interpreted this to mean that "[i]f official-capacity claims are nothing more than claims against the county, then it would be appropriate to dismiss the official capacity claims against the employee defendants if such claims have been dismissed against the county." *Chesher v. Neyer*, 477 F.3d 784, 797 (6th Cir.2007). As none of the exceptions in 2744.02(B) are applicable to the instant case, the Court will dismiss all state law claims against the Board and all state law claims against the Defendants in their official capacities.

**H. State Law Conspiracy**

▪ Counts Seven and Eleven of the proposed amended complaint assert state-law conspiracy claims. Defendants claim that this these claims should be dismissed due to vagueness. (Doc. 5 at 19 *citing Replogle v. Montgomery County, Ohio*, No. 3:09–cv102, 2009 WL 1406686, at *6–7 (S.D.Ohio May 19, 2009).) *Replogle*, however, held that because "[p]laintiff does **not** allege that these two Defendants agreed with one another or with any of the other named Defendants ... the Complaint does not state a claim for civil conspiracy upon which relief c[a]n be granted." *Replogle v. Montgomery County, Ohio*, No. 3:09–cv–102, 2009 WL 1406686, at *7 (S.D.Ohio May 19, 2009).

While inartfully pleaded, the contours of Plaintiffs' state law conspiracy claims are clear. Should Plaintiff discover evidence that would support the remaining claimed violations of state and federal law, Plaintiff will be allowed to gather evidence of a conspiracy to falsify reports and tamper with evidence. Thus, the motion to dismiss these claims will be denied.

**I. Tampering with Evidence and Falsification**

▪ Count Eight of the Proposed Amended Complaint asserts a claim for tampering with evidence and interference with a right to remedy in violation of Ohio Revised Code § 2921.12(A) and 2921.13(A)(1), (6), and (7). Defendants assert that no such cause of action exists absent a criminal conviction. Plaintiffs do not counter this assertion. Moreover, this Court has previously rejected the argument that such a remedy exists, holding that "to allow a civil action under [Ohio Rev.Code] § 2921.13(G) without a prior conviction would be to permit a civil action for perjury." *Replogle*, 2009 WL 1406686, at *5. Additionally, Ohio Rev.Code § 2921.12 does not create a civil remedy, but only establishes that tampering with evidence is a felony. As such, Count Eight will be dismissed.

## J. Spoliation

■ Count Nine asserts a claim for spoliation of evidence. Defendants erroneously characterize Plaintiffs' spoliation claim as a "civil claim for perjury ... that Ohio law does not recognize." *Replogle*, 2009 WL 1406686, at *4 *citing Pratt v. Payne*, 153 Ohio App.3d 450, 452, 794 N.E.2d 723 (Ohio App. 2nd Dist.2003). *Pratt*, however, explains that "[t]his prohibition is based on public policy. Specifically, witnesses must be at liberty to speak freely, without fear of being sued later for their testimony." *Pratt* at 452, 794 N.E.2d 723 *citing Reasoner v. State Farm Mut. Auto. Ins. Co.*, Franklin App. No. 01AP–490, 2002 WL 338133, *4 (Ohio App. 10 Dist. March 5, 2002); *Erie Cty. Farmers' Ins. Co. v. Crecelius*, 122 Ohio St. 210, 214, 171 N.E. 97 (1930). The liberty of witnesses has little bearing on the spoilation claims brought by Plaintiffs, especially given that the Ohio Supreme Court has explicitly laid out a civil cause of action for spoliation of evidence. *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993). Thus, Defendants' request that the Court dismiss this claim will be denied as well.

## K. Medical Negligence

■ Count ten charges Jordan with medical negligence. Ohio Rule of Civil Procedure 10(D) requires state law medical complaints to be filed simultaneously with either an affidavit of merit or a motion to extend the time with which to file an affidavit of merit. Defendants have requested that the Court dismiss the claim for medical negligence because of Plaintiffs' failure to do this. However, Ohio Rule of Civil Procedure 10(D)(2)(e) notes that an affidavit of merit can be filed "along with the complaint or amended complaint," and Ohio courts have permitted plaintiffs to submit such affidavits for the first time attached to an amended complaint. *See Ramos v. Khawli*, 181 Ohio App.3d 176, 908 N.E.2d 495 (2009) (allowing affidavit of merit to be filed with amended complaint when medical claim had been asserted in original complaint); *Chapman v. S. Pointe Hosp.*, 186 Ohio App.3d 430, 928 N.E.2d 777 (2010) (court dismissed argument that failure to file affidavit of merit with initial complaint precluded plaintiff from filing with amended complaint). Additionally, as Ohio Rule of Civil Procedure 10(D)(2)(d) necessitates such dismissal to be without prejudice and the dismissal of the medical negligence claim would not dispose of the entirety of Plaintiffs' claims, judicial efficiency also opposes dismissal of the medical negligence count. Therefore, the Court will allow Plaintiffs to file the proposed amended complaint accompanied by an affidavit of merit as per Federal Rule of Civil Procedure 15(a)(2). Doing so avoids a need to bifurcate the medical claims of this case from the other claims, allows for compliance with the state law medical pleading rules, and renders moot Plaintiffs' Motion for Extension of Time to File an Affidavit of Merit (Doc. 14), Plaintiffs' Notice of Filing the Affidavit of Merit (Doc. 18), and Defendants' Motion to Strike Plaintiffs' Notice of Filing (Doc. 19). As Plaintiffs' proposed amended complaint directs the claim towards only Defendant Jordan, the other issues raised by Defendants need not be addressed.

## IV. Conclusion

For the forgoing reasons, Defendants' Motion for Partial Judgment on the Pleadings is hereby **DENIED** in part and **GRANTED** in part. (Doc. 5.) Plaintiffs' Motion to Amend their Complaint is **GRANTED** and Plaintiffs are granted until October 8, 2010 to file it, removing the Board and official capacity Defendants from the state-law claims and the state-law claim for tampering in Count Eight entirely. (Doc. 13.) Plaintiffs' Motion for Ex-

tension of Time to File (Doc. 14), Plaintiffs' Notice of Filing the Affidavit of Merit (Doc. 18), and Defendants' Motion to Strike Plaintiffs' Notice of Filing the Affidavit of Merit (Doc. 19) are **MOOT,** as an affidavit of merit may be filed with the amended complaint.