CHAPMAN, Admr., Appellant,

v.

SOUTH POINTE HOSPITAL et al., Appellees.

[Cite as *Chapman v. S. Pointe Hosp.,* 186 Ohio App.3d 430, 2010-Ohio-152.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92610.

Decided Jan. 21, 2010.

Robert J. Sawyer, for appellant.

Reminger & Reminger Co., L.P.A., and Ronald A. Mingus, for appellee South Pointe Hospital.

CHRISTINE T. McMONAGLE, Presiding Judge.

{¶ 1} Plaintiff-appellant, Barbara Chapman, administrator of the estate of Wendell Chapman, appeals the trial court's December 2, 2008 judgment granting defendant-appellee South Pointe Hospital's motion to dismiss. We reverse and remand.

**PROCEDURAL HISTORY**

{¶ 2} Chapman initiated this refiled wrongful-death and medical-malpractice action in May 2007.[1] On the same date she filed her complaint, she requested an enlargement of time to file an affidavit of merit under Civ.R. 10. In addition to the hospital, Chapman asserted claims against ten Doe parties. The hospital answered the complaint; it also opposed Chapman's request for additional time to file an affidavit, stating that the first action was dismissed because Chapman had

---

1. Her first action, case No. CV–589311, was filed in April 2006, but was dismissed on the hospital's motion for judgment on the pleadings.

not attached an affidavit of merit to her complaint, and she had failed to demonstrate good cause as to why in the year between the two actions she still had not obtained an affidavit. The hospital additionally filed a motion for judgment on the pleadings based on the lack of an affidavit of merit.

{¶ 3} After the hospital filed its motion for judgment on the pleadings, and prior to the court's ruling on that motion, it filed a motion for a definite statement on the authority of *Fletcher v. Univ. Hosp. of Cleveland*, 172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365. The court granted the motion for a definite statement and ordered Chapman to file an affidavit of merit by August 14, 2007. Chapman was subsequently granted another extension until August 31 to file an affidavit.

{¶ 4} On August 23, the hospital filed a motion to dismiss because Chapman had not filed an affidavit as of that date. On September 5, Chapman filed another request for extension of time to file an affidavit. The hospital opposed the motion. In September 13, 2007 judgments, the court denied Chapman's request for extension of time and granted the hospital's August 23 motion to dismiss, finding that Chapman "has been given an opportunity to secure an affidavit of merit and has failed to do so. In addition, this same action was previously filed as CV 589311 and during the pendency of that case [Chapman] failed to supply an affidavit of merit."

{¶ 5} Chapman appealed. This court found that the hospital's answer should have been withdrawn before it filed a motion for a more definite statement. *Chapman v. S. Pointe Hosp.*, Cuyahoga App. No. 90547, 2008-Ohio-4232, 2008 WL 3870627, ¶ 12. Accordingly, on remand, the trial court granted leave to the hospital to withdraw its answer and file a motion for a more definite statement. Prior to any filing, however, the Ohio Supreme Court held in *Fletcher v. Univ. Hosp. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, that the proper remedy for a defendant in a situation where a plaintiff has failed to attach an affidavit of merit to her complaint is to file a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Id. at ¶ 13. The court reasoned that because the purpose of Civ.R. 10(D)(2) is to deter frivolous medical-malpractice cases, the rule's "heightened standard" goes directly to the sufficiency of the complaint, and a motion to dismiss is the proper remedy for a defendant to pursue when a plaintiff files her complaint without the required affidavit. Id. Accordingly, in this case, the hospital filed a motion to dismiss.

{¶ 6} Chapman was granted until November 14, 2008 to respond to the hospital's motion to dismiss. On November 12, Chapman filed a motion for leave to file an amended complaint instanter; attached to the amended complaint was an affidavit of merit executed by a registered nurse. The hospital opposed the affidavit as not satisfying the requirement of Civ.R. 10(D)(2) on the ground that a

nurse is not qualified to express an opinion on proximate cause in a medical malpractice action. On December 2, the court granted Chapman's leave to file her complaint instanter. On the same date, the court also granted the hospital's motion to dismiss. Chapman appeals the December 2 judgment granting the hospital's motion to dismiss.

LAW AND ANALYSIS

1. Standard of Review

{¶ 7} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.

{¶ 8} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 327 N.E.2d 753.

{¶ 9} Since factual allegations in the complaint are presumed true, only the legal issues are presented by a motion to dismiss, and an entry of dismissal on the pleadings will be reviewed de novo. *Hunt v. Marksman Prods.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726. A de novo standard of review affords no deference to the trial court's decision, and we independently review the record to determine whether a dismissal was proper. *Gilchrist v. Gonsor,* Cuyahoga App. No. 88609, 2007-Ohio-3903, 2007 WL 2206701, ¶ 16.

2. Analysis

{¶ 10} The complaint alleged that the Doe parties (nurses) and the hospital improperly and negligently documented the decedent's vital signs, failed to perform nursing assessments, and failed to consult with or call upon other nurses.

{¶ 11} Civ.R. 10(D)(2) provides for the attachment of an affidavit of merit in medical liability cases:

{¶ 12} "(a) [A] complaint that contains a medical claim * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit

shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:

{¶ 13} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

{¶ 14} "(ii) A statement that the affiant is familiar with the applicable standard of care;

{¶ 15} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff."

{¶ 16} "An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits." Civ.R. 10(D)(2)(d).

{¶ 17} The affidavit attached to the proposed amended complaint[2] was that of a registered nurse who averred that "she has reviewed all medical records reasonable [sic] available to Barbara Chapman * * * concerning the allegations contained in the Complaint"; "she is familiar with the applicable standard of care required"; and "it is her opinion that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to Wendell Chapman."

{¶ 18} Evid.R. 601, governing competency of witnesses, provides as follows:

{¶ 19} "Every person is competent to be a witness except:

{¶ 20} " * * *

{¶ 21} "(D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an

---

2. We refer to the amended complaint as "proposed" because although the court granted Chapman's motion for leave to file it instanter (it was attached as an exhibit to the motion for leave), it was never actually filed, presumably because the court granted the hospital's motion to dismiss on the same day it granted Chapman's motion for leave. Because the court granted Chapman leave to file her amended complaint, it necessarily found it timely and, thus, we do not address that issue. Rather, we focus on whether the affidavit was sufficient to survive a motion to dismiss.

accredited school. This division shall not prohibit *other medical professionals* who otherwise are competent to testify under these rules from giving expert testimony on *the appropriate standard of care* in their own profession in any claim asserted in any civil action against a physician, podiatrist, medical professional, or hospital arising out of the diagnosis, care, or treatment of any person." (Emphasis added.)

{¶ 22} In light of the above, the nurse in this case, if otherwise qualified, could aver to the *appropriate standard of care* for nurses. Chapman did not present, however, an affidavit of merit averred to by a qualified person as to proximate cause, i.e., the third requirement under Civ.R. 10(D). The affidavit therefore was insufficient.

{¶ 23} At oral argument, Chapman's counsel cited this court's decision in *Jarina v. Fairview Hosp.*, Cuyahoga App. No. 91468, 2008-Ohio-6846, 2008 WL 5384074. In *Jarina*, the plaintiffs did not initially file an affidavit of merit in support of their medical-malpractice action. They were granted an extension of time and filed an affidavit. The trial court found the affidavit insufficient and dismissed the action.

{¶ 24} On appeal, on the authority of Civ.R. 10(D)(2)(e), this court reversed the trial court and remanded the case with orders to the trial court to grant the plaintiffs a reasonable period of time, not to exceed 60 days, to file an affidavit of merit to cure the defect in the original affidavit.[3] The rule provides as follows:

{¶ 25} "(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which the claims are first asserted against the defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect."

{¶ 26} The hospital contends that Civ.R. 10(D)(2)(e) does not apply to this case because the proposed amended complaint was not the pleading "in which the claims [were] *first* asserted against [it]." (Emphasis added.) Id. Specifically, the hospital notes that no affidavit of merit was filed in the first case of April 2006 or this case. In regard to the hospital's citation of the first case, this court held in *Jarina* that because the plaintiffs voluntarily dismissed their case without prejudice, such a dismissal causes all proceedings in that case to be treated as a nullity, as if the case had never been filed. Id. at ¶ 18. See also *Stafford v. Hetman* (June 4, 1998), Cuyahoga App. No. 72825, 1998 WL 289383 ("A dismissal

---

3. As in this case, the plaintiffs in *Jarina* did not file a motion requesting an extension of time to cure the defective affidavit.

without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced"). The first filing of this case was similarly dismissed without prejudice and, thus, citation of that first case in this context is not proper.

{¶ 27} In regard to Chapman's failure to submit an affidavit with this case in May 2007 when she refiled her action, the same situation essentially existed in *Jarina*. The only difference between *Jarina* and this case is that the plaintiffs in *Jarina* did not file an amended complaint with their affidavit. Here, the affidavit submitted by Chapman was an exhibit to her proposed amended complaint. But the proposed amended complaint was substantively the same complaint as the May 2007 complaint.[4] Thus, this court in *Jarina* found that Civ.R. 10(D)(2)(e) applied in a situation essentially the same as here.[5] Moreover, we are unable to find any other authority supporting the hospital's position.

{¶ 28} In light of the above, although the affidavit in this case was deficient under the requirements of Civ.R. 10(D), Chapman should have been granted an extension of time, not to exceed 60 days, to cure the defect.

Judgment reversed
and cause remanded.

PATRICIA A. BLACKMON and MARY J. BOYLE, JJ., concur.

---

4. The only differences between the May 2007 and the proposed amended complaints were (1) the numbering of the paragraphs and (2) the proposed amended complaint included a prayer for money damages for funeral expenses that was not included in the May 2007 complaint.

5. The action in *Jarina* was first filed in 2005, before the requirement of filing an affidavit of merit in medical-malpractice actions. The plaintiffs dismissed their action and refiled in October 2007, at which time the affidavit requirement was in effect (it became effective July 1, 2005 and was amended to the version governing this case, and which governed *Jarina*, in July 1, 2007). As already mentioned, the plaintiffs did not file an affidavit of merit when they refiled their action in October 2007.