[Cite as *Beegle v. S. Pointe Hosp.*, 2011-Ohio-3591.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96017**

# EDWARD BEEGLE, INDIV. & EXE., ETC.

PLAINTIFF-APPELLANT

vs.

# SOUTH POINTE HOSPITAL, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED IN PART AND REVERSED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-727244

**BEFORE:**    Sweeney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    July 21, 2011

**ATTORNEY FOR APPELLANT**

John F. Burke, III, Esq.
Mansour, Gavin, Gerlack & Manos
2150 Illuminating Building
55 Public Square
Cleveland, Ohio 44113-1994

**ATTORNEYS FOR APPELLEES**

Dirk E. Riemenschneider, Esq.
Timothy A. Spirko, Esq.
Buckingham, Doolittle & Burroughs
One Cleveland Center, #1700
1375 East Ninth Street
Cleveland, Ohio 44114

JAMES J. SWEENEY, P.J.:

{¶ 1}  Plaintiff-appellant Edward Beegle, individually and as Executor of the Estate of Christine Beegle ("Beegle) filed a medical malpractice complaint against South Pointe Hospital and John Doe, defendants, on May 20, 2010.  Beegle is appealing the trial court's order that denied his motion for extension of time and dismissed his complaint with prejudice for lack of an affidavit of merit pursuant to Civ.R. 10(D)(2). For the reasons that follow, we affirm the dismissal but reverse to the extent it should have been done without prejudice.

{¶ 2} The facts of the case are straightforward and procedural. After being served with Beegle's complaint, South Pointe filed an answer on August 24, 2010. Three days later, South Pointe filed a motion to dismiss pursuant to Civ.R. 12(B)(6) because Beegle had not attached an affidavit of merit or sought an extension to submit one pursuant to Civ.R. 10(D)(2). On September 7, 2010, Beegle moved for an extension of time to respond to South Pointe's motion to dismiss. South Pointe opposed this request but the trial court granted Beegle until September 21, 2010 in which to respond to Beegle's motion to dismiss. In the meantime, plaintiff's counsel's mother died; prompting a request for an additional two weeks in which to respond to South Pointe's motion to dismiss. This motion was unopposed and indicated defense counsel had no objection to it. The motion was granted. On October 5, 2010, Beegle filed his Brief in Opposition to South Pointe's Motion to Dismss and sought an extension of time to file the affidavit of merit.

{¶ 3} Specifically, Beegle sought a 30 day extension in which to obtain the affidavit of merit and indicated "[i]f no affidavit of merit can be obtained, Plaintiff will dismiss the case with prejudice." The reason for the extension was so that Beegle's "expert may review all obtained medical records." The court denied the motion for extension to file the affidavit and granted South Pointe's motion to dismiss. The court reasoned that it was confined to granting an extension to the grounds set forth as examples of "good cause" in Civ.R. 10(D)(2). The court concluded that Beegle had not demonstrated good cause to warrant additional time to file the affidavit of merit,

explicitly noting it was a re-filed case providing Beegle with "sufficient [time] to provide an affidavit of merit." Finally, the trial court dismissed the case with prejudice.

{¶ 4} Beegle appeals assigning the following errors for our review:

{¶ 5} "The trial court committed reversible error in granting the Motion by Defendant South Pointe Hospital for Dismissal Pursuant to Rule 12(B)(6)."

{¶ 6} "The trial court erred in refusing Appellant an additional 30 days in which to supply the affidavit of merit."

{¶ 7} We employ a de novo standard of review to the trial court's decision to dismiss a complaint pursuant to Civ.R. 10(D)(2). *Chapman v. South Pointe Hospital*, 186 Ohio App.3d 430, 2010-Ohio-152. However, an abuse of discretion standard applies to the trial court's ruling on a request for extension of time to file an affidavit of merit. *Johnson v. Univ. Hosp. Case Med. Ctr.*, Cuyahoga App. No. 90960, 2009-Ohio-2119, ¶5.

{¶ 8} Civ.R. 10(D) states:

{¶ 9} "(2) Affidavit of merit; medical liability claim.

{¶ 10} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. * * *."

{¶ 11} "* * *

**{¶ 12}** "(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

**{¶ 13}** The staff notes to the Civ.R. 10 reflect that "[i]t is intended that the granting of an extension of time to file an affidavit of merit should be liberally applied, but within the parameters of the 'good cause' requirement." And, "[d]ivision (D)(2)(b) * * * vests the trial court with the discretion to determine whether any other circumstances justify granting an extension beyond the 90 days."

**{¶ 14}** The alleged purpose of Civ.R. 10(D)(2) is to deter frivolous medical malpractice cases. *Fletcher v. Univ. Hosps. of Cleveland*, 120 OhioSt.3d 167, 2008-Ohio-5379, ¶12, 897 N.E.2d 147 ("the very purpose of Civ.R. 10(D)(2) is to place a heightened pleading requirement on parties bringing medical claims.") The heightened pleading requirement goes to the sufficiency of the complaint and warrants dismissal pursuant to Civ.R. 12(B)(6) where the affidavit of merit is not filed. Id. However, "[b]ecause courts are to construe the Civil Rules to achieve a just result, ***, a dismissal for failure to comply with Civ.R. 10(D)(2) is ***without prejudice*** because it is an

adjudication otherwise than on the merits." Id. at ¶20.[1] (emphasis added); accord, *Shulte v. Wilkey*, Butler App. No. CA2010-02-035, 2010-Ohio-5668.

{¶ 15} There is no dispute that Beegle did not file an affidavit of merit, therefore, the only issue before us is whether the trial court abused its discretion in denying the requested extension. This is a high standard to satisfy and we cannot simply substitute our judgment for that of the trial court. Based on the explicit directive to liberally apply the granting of extensions we likely would have found good cause and granted it, however, this is not enough to warrant reversal of the judgment for an abuse of discretion. Beegle must establish that the trial court's decision was "more than an error in judgment" and that it was "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. The trial court indicated that Beegle had not established good cause as contained in the factors set forth in Civ.R. 10(D)(2)(c) as follows:

{¶ 16} "(c) In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:

---

[1] **In *Fletcher*, the Ohio Supreme Court held that the trial court erred by dismissing the complaint with prejudice even though the matter involved a re-filed case. The court instructed, "[p]resumably, the trial court ordered the dismissal with prejudice as a result of the case's having already been refiled once under R.C. 2305.19, the saving statute. In the event that Fletcher chooses to file the action a third time, then at that point, the parties may raise the saving-statute issue along with any other applicable Civil Rules or statutes, as they see fit." Id. at fn 4.**

{¶ 17} "(i) A description of any information necessary in order to obtain an affidavit of merit;

{¶ 18} "(ii) Whether the information is in the possession or control of a defendant or third party;

{¶ 19} "(iii) The scope and type of discovery necessary to obtain the information;

{¶ 20} "(iv) What efforts, if any, were taken to obtain the information;

{¶ 21} "(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit."

{¶ 22} While the Rule does not confine a good cause determination to the above factors as the trial court seemed to infer, the trial court's alternative grounds for denying the extension were not arbitrary, capricious or unconscionable. Specifically, the trial court found that Beegle had sufficient time to obtain the affidavit of merit and noted that this was a re-filed case. The alleged negligence took place in February of 2007 and the initial action was filed in 2009. The trial court did not dismiss the action for noncompliance with Civ.R. 10(D)(2) until October 15, 2010.

{¶ 23} Beegle relies on this Court's decision in *Chapman v. South Pointe Hospital*, 186 Ohio App.3d 430, 2010-Ohio-152 which held that the trial court erred in denying plaintiff's request for a sixty day extension of time to submit an affidavit of merit. However, in *Chapman*, the plaintiff did submit an affidavit of merit, however, it was deficient. Therefore, a sixty day extension was warranted pursuant to Civ.R.

10(D)(2)(e). In this case, Beegle did not submit any affidavit and the provisions of Civ.R. 10(D)(2)(e) would not apply.

{¶ 24} Although the trial court did not abuse its discretion in denying the extension to file an affidavit of merit, it did err by dismissing the case with prejudice. *Fletcher, supra.*

{¶ 25} We are mindful that cases should be decided upon their merits rather than technicalities. *Bank One Cincinnati v. Wells* (Sept. 18, 1996), Hamilton App. No. C-950279, 1996 WL 526702, citing *Rice v. Gen. Dynamics Land Sys.* (1993), 86 Ohio App.3d 841, 844, 621 N.E.2d 1304. In balancing this principal with the stated purpose of weeding out frivolous medical malpractice claims, the Rule at issue and the courts have observed that dismissals pursuant to Civ.R. 10(D)(2) are not on the merits and, therefore, must be without prejudice. *Fletcher,* 2008-Ohio-5379, ¶20.

{¶ 26} Accordingly, Beegle's assignments of error are overruled in part and sustained in part. The trial court's judgment dismissing the complaint is affirmed but reversed to the extent it was done with prejudice. The matter is remanded to the trial court to enter an order dismissing the case without prejudice.

Judgment affirmed in part, reversed in part.

It is ordered that appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN A. KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR