[Cite as *Adkins v. Women's Welsh Club of Am.*, 2019-Ohio-70.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106859**

---

**JUDY ADKINS, ET AL.**

PLAINTIFFS-APPELLANTS

vs.

**WOMEN'S WELSH CLUB OF AMERICA, ET AL.**

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-18-891060

**BEFORE:** S. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 10, 2019

**ATTORNEY FOR APPELLANTS**

Brent L. English
The 820 Building, 9th Floor
820 Superior Avenue, West
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEES**

**For The Women's Welsh Club of America Foundation
and The Welsh Home**

Bret C. Perry
Christopher F. Mars
Bonezzi, Switzer, Polito & Hupp Co., L.P.A.
1300 East 9th Street, Suite 1950
Cleveland, Ohio   44114

**For Dr. Khaleel Deeb**

George M. Moscarino
Moscarino & Treu, L.L.P.
The Hanna Building
1422 Euclid Avenue, Suite 630
Cleveland, Ohio   44115

**For Dr. Ali Ghalib**

Brian D. Sullivan
Stephen E. Walters
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio   44115

**For Sumner Home for the Aged, Inc.**

Sumner Home for the Aged, Inc.
c/o Statutory Agent
22199 Center Ridge Road
Rocky River, Ohio   44116

SEAN C. GALLAGHER, P.J.:

**{¶1}** Plaintiff-appellant Judy Adkins, administrator of the estate of Ernestine Adkins, deceased, appeals the decision of the trial court that dismissed her medical malpractice complaint for lack of an affidavit of merit. Because the dismissal occurred without notice and a reasonable opportunity to respond, we reverse the trial court's decision and remand the matter for further proceedings.

**Background**

**{¶2}** On January 3, 2018, appellant filed a complaint for medical malpractice along with a motion for a 60-day extension of time to provide an affidavit of merit pursuant to Civ.R. 10(D)(2). As grounds for the extension, appellant asserted that "[p]laintiff's counsel needs the requested time to complete his interactions with several potential experts in this case."

**{¶3}** In response, the various defendants filed briefs in opposition arguing that appellant had not established good cause to obtain an extension because this was a refiled case, the initial lawsuit was voluntarily dismissed after appellant had been granted a 90-day extension to file an affidavit of merit, appellant had waited 365 days to refile the case under the saving statute, and appellant remained unable to produce the required affidavit of merit. The defendants all requested that the court deny the motion for extension of time to file the affidavit. Defendant-appellee Dr. Deeb also requested in his opposition brief that the court dismiss the complaint for failure to comply with Civ.R. 10(D)(2).

**{¶4}** On January 24, 2018, the trial court issued a journal entry denying appellant's motion for extension of time to file an affidavit of merit. Contemporaneous therewith, and without notice, the trial court issued a journal entry dismissing the case for failure to state a claim upon which relief can be granted. In denying the extension, the trial court ruled as follows:

Plaintiff has failed to show good cause for an extension of time to file an affidavit of merit, as required by Civil Rule 10(D)(2)(b).

Plaintiff has not identified what information, if any, is necessary in order to obtain an affidavit of merit, nor who possesses such information, nor what discovery, if any, is necessary to obtain information necessary to obtain an affidavit of merit. Plaintiff has not indicated what steps were taken to obtain necessary information for an affidavit. Thus, the first four factors identified in Civil Rule 10(D)(2)(C) do not support a finding of good cause in this case.

In support of the motion for extension of time, plaintiff states that "plaintiff's counsel needs the requested time to complete his interactions with several potential experts in the case." Plaintiff stated the same when filing a motion for extension of time on 10/03/2016 in [Cuyahoga C.P.] Case No. CV 16 869893. In determining whether good cause exists, the court considered plaintiff's claim regarding interaction with potential witnesses, potential prejudice to the defendants, and the circumstances of plaintiff's motion. See Civ.R. 10(D)(2)(c)(v). Plaintiff has provided no explanation of why plaintiff's counsel could not complete interactions with potential experts prior to re-filing this case. The court finds that plaintiff's statement does not demonstrate good cause for an extension of time to file an affidavit of merit.

Accordingly, plaintiff's motion for an extension of time is not well-taken and is

denied.

{¶5} A day after the trial court's dismissal of the action, defendants-appellees The Women's Welsh Club of America Foundation, The Welsh Home, and The Women's Welsh Clubs of America Foundation filed a motion to dismiss the complaint for failure to submit a timely and sufficient affidavit of merit. The motion to dismiss was deemed moot.

{¶6} Appellant timely filed this appeal. She raises two assignments of error for our review.

**Law and Analysis**

{¶7} Under her first assignment of error, appellant claims the trial court erred by dismissing the case without a motion to dismiss having been filed. Under her second

assignment of error, appellant claims the trial court erred and abused its discretion by denying her motion for enlargement of time to provide an affidavit of merit.

{¶8} Our review of the trial court's decision to dismiss the complaint pursuant to Civ.R. 12(B)(6) is de novo. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, ¶ 10. We apply an abuse of discretion standard to the trial court's ruling on a request for an extension of time to file an affidavit of merit. *Johnson v. Univ. Hosp. Case Med. Ctr.*, 8th Dist. Cuyahoga No. 90960, 2009-Ohio-2119, ¶ 5.

{¶9} Civ.R. 10(D)(2)(a) requires any complaint that contains a medical claim to be accompanied by an affidavit of merit. "An affidavit of merit is required to establish the adequacy of the complaint[.]" Civ.R. 10(D)(2)(d). Civ.R. 10(D)(2)(b) permits a plaintiff to file a motion to extend the period of time to file an affidavit of merit, which the court shall grant for good cause shown and in accordance with Civ.R. 10(D)(2)(c). The Supreme Court of Ohio has recognized that the purpose of Civ.R. 10(D)(2) is "to deter the filing of frivolous medical-malpractice claims" and "to place a heightened pleading requirement on parties bringing medical claims." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 10, 12. "The proper response to the failure to file the affidavit required by Civ.R. 10(D)(2) is a motion to dismiss pursuant to Civ.R. 12(B)(6)." *Id.* at paragraph one of the syllabus.

{¶10} In this matter, the stated reason for the requested extension of time to file an affidavit of merit was that "[p]laintiff's counsel needs the requested time to complete his interactions with several potential experts in this case." The defendants opposed the requested extension and argued that this was a refiled action and that good cause had not been shown. At the time of the trial court's ruling, there was no motion to dismiss pursuant to Civ.R. 12(B)(6),

although one defendant requested in their opposition brief that the court dismiss the action for failure to comply with Civ.R. 10(D)(2).

{¶11} We recognize that "[a] court is allowed to grant sua sponte a Civ.R. 12(B)(6) motion to dismiss after the parties are given notice of the court's intent and an opportunity to respond." *Metro v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 100799, 2014-Ohio-3146, ¶ 5, citing *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, 911 N.E.2d 950, ¶ 14 (10th Dist.). This is consistent with a trial court's discretion to sua sponte dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to comply with the civil rules, provided notice is given. Further, no prejudice to the defendants was shown.

{¶12} In *Diplomat Healthcare*, this court found the trial court did not err by granting judgment on the pleadings in a medical malpractice action when the trial court had given the plaintiff time to file a conforming affidavit of merit, which also constituted notice that the failure to do so would result in a dismissal of the claims, without prejudice, in accordance with Civ.R. 41(B)(1) and Civ.R. 10(D)(2). *Id*. at ¶ 5. Likewise, in *Beegle v. S. Pointe Hosp.*, 8th Dist. Cuyahoga No. 96017, 2011-Ohio-3591, this court found the trial court did not err by dismissing a refiled medical malpractice action under circumstances where the plaintiff did not attach an affidavit of merit to the complaint or demonstrate good cause to warrant an extension of time to file the affidavit, the defendant had filed a motion to dismiss pursuant to Civ.R. 12(B)(6), and the plaintiff had been granted extensions of time to respond to the motion, affording the plaintiff notice and an opportunity to respond. *Id*. at ¶ 2-3, 26.[1]

---

[1] Although the court in *Beegle* affirmed the trial court's judgment dismissing the complaint, it found that it was error to have done so with prejudice since dismissals under Civ.R. 10(D)(2) are to be entered without prejudice. The matter was remanded for this correction. *Id*. at ¶ 26.

{¶13} In this case, the trial court gave appellant neither notice of any possible dismissal nor an opportunity to respond against that action. Upon determining appellant had not sufficiently demonstrated good cause, the trial court should have provided appellant notice that the case would be dismissed if appellant failed to file an affidavit of merit, or failed to provide supplemental information to demonstrate good cause for an extension.

{¶14} We further must recognize the gravity of the dismissal without notice or an opportunity to respond in this case. An involuntary dismissal for failure to comply with Civ.R. 10(D)(2) is to be without prejudice pursuant to Civ.R. 10(D)(2)(d) because it is an adjudication otherwise than on the merits. *Fletcher*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, at ¶ 21. Nevertheless, where a case is dismissed after appellant has refiled the complaint under the saving statute, the dismissal is functionally a dismissal with prejudice. *Diplomat Healthcare*, 8th Dist. Cuyahoga No. 100799, 2014-Ohio-3146, at ¶ 2, fn. 1.[2]

{¶15} Appellant further argues that the trial court looked beyond the allegations of the complaint and improperly considered the prior case that had been voluntarily dismissed without prejudice. In support of her argument, she cites this court's decisions in *Chapman v. S. Pointe Hosp.*, 186 Ohio App.3d 430, 2010-Ohio-152, 928 N.E.2d 777 (8th Dist.), and *Jarina v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 91468, 2008-Ohio-6846.

{¶16} In *Chapman*, this court found that in a refiled wrongful death and medical malpractice action, the plaintiff, who had been granted an enlargement of time to file an affidavit of merit and who eventually filed a deficient affidavit, should have been granted time to cure the

---

[2] As noted in *Fletcher*, although the trial court is required to order such a dismissal "without prejudice," in the event of an action that has already been refiled once under the saving statute being filed for a third time, "the parties may raise the saving-statute issue along with any other applicable Civil Rules or statutes, as they see fit." *Id*. at ¶ 19, fn. 4.

defect pursuant to Civ.R. 10(D)(2)(e). *Id*. at ¶ 28. Insofar as the defendant argued that no affidavit had been filed in the first filing of the case, this court found that citation to the first case was not proper because the voluntary dismissal of an action causes all proceedings in that case to be treated as a nullity. *Chapman* at ¶ 26, citing *Jarina* at ¶ 18.

{¶17} In *Jarina*, the plaintiff in a refiled medical malpractice action attached a motion for extension of time to file an affidavit of merit that was opposed for failing to establish "good cause." *Id*. at ¶ 5-6. The trial court granted a motion for judgment on the pleadings after the plaintiff was ordered to file an affidavit of merit by a specified date and then filed a deficient affidavit. *Id*. at ¶ 7-11. It was determined on appeal that the trial court should have given the plaintiff a reasonable time to cure the defect pursuant to Civ.R. 10(D)(2)(e). *Id*. at ¶ 27. This court also found that the trial court had improperly referenced "that a number of extensions of time to file an affidavit of merit were made in the originally filed case" that had been voluntary dismissed without prejudice because "[u]nder Ohio law such a dismissal causes all proceedings in that case to be treated as a nullity, as if the case had never been filed." *Jarina* at ¶ 18. More pertinent to our analysis, it was determined that the trial court had not properly given the plaintiff notice of a possible dismissal required by Civ.R. 41(B)(1). *Id*. at ¶ 17; *compare O'Stricker v. Robinson Mem. Hosp. Found*., 2017-Ohio-2600, 90 N.E.3d 28 (11th Dist.) (finding trial court provided adequate notice and a hearing, as well as an opportunity to amend the affidavit, prior to dismissing medical malpractice claim).

{¶18} We recognize that this is not a case in which a defective affidavit has been filed, such that Civ.R. 10(D)(2)(e) would apply. Rather, it involves a motion for an extension to file an affidavit of merit for which good cause must be shown in accordance with Civ.R. 10(D)(2)(b)

and (c). Civ.R. 10(D)(2)(c) instructs the court to consider the following factors in determining whether good cause exists to extend the period of time to file an affidavit of merit:

> (i) A description of any information necessary in order to obtain an affidavit of merit;
>
> (ii) Whether the information is in the possession or control of a defendant or third party;
>
> (iii) The scope and type of discovery necessary to obtain the information;
>
> (iv) What efforts, if any, were taken to obtain the information;
>
> (v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

{¶19} Thus, Civ.R. 10(D)(2)(c) permits the court to consider what efforts were taken to obtain the information and "other facts or circumstances" that may be relevant to the ability of the plaintiff to obtain an affidavit of merit. Also, "the Rule does not confine a good cause determination to the above factors." *Beegle*, 8th Dist. Cuyahoga No. 96017, 2011-Ohio-3591, at ¶ 22. Conceivably, this could include that there was a previously filed action in which extensions were given. *See id.*

{¶20} However, regardless of whether it is a refiled action, "[b]ecause there may be circumstances in which the plaintiff is unable to provide an affidavit of merit when the complaint is filed, division (D)(2)(b) of the rule requires the trial court, when good cause is shown, to provide a reasonable period of time for the plaintiff to obtain and file the affidavit." 2007 Staff Note Civ.R. 10(D). The Staff Notes to Civ.R. 10(D) also reflect the legislature's intent that "the granting of an extension of time to file an affidavit of merit should be liberally applied, but within the parameters of the 'good cause' requirement." *Id.*

**{¶21}** In requesting the 60-day extension to file the affidavit of merit herein, plaintiff's counsel indicated that "counsel needs the requested time to complete his interactions with several potential experts in this case." We understand the defendants' view and the trial court's position that appellant provided no explanation of why plaintiff's counsel could not complete interactions with potential experts prior to refiling this case. Although the trial court committed no abuse of discretion in finding the statement in appellant's motion was not sufficient to demonstrate "good cause" for an extension, a plaintiff still must be afforded notice and an opportunity to respond prior to any dismissal for failure to comply with Civ.R. 10(D)(2). Given such notice, appellant could have sought leave to file an amended complaint with an affidavit of merit, or filed a supplemental motion providing further information to demonstrate good cause for an extension.

**Conclusion**

**{¶22}** Upon our review, we find the trial court erred by dismissing the action without providing appellant with adequate notice and an opportunity to respond. We reverse the judgment of the trial court and vacate the dismissal entry from which this appeal was filed. We further order that the trial court reinstate the instant case and grant appellant an opportunity to respond within ten days by filing an affidavit of merit as required by Civ.R. 10(D)(2)(a) or providing further information to demonstrate "good cause" warranting an extension pursuant to Civ.R. 10(D)(2)(b) and (c). The failure to do so may result in the dismissal of the action without prejudice pursuant to Civ.R. 10(D)(2)(d).

**{¶23}** Judgment reversed, and case remanded.

It is ordered that appellants recover from appellees costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR