[Cite as *Adkins v. Women's Welsh Club of Am. Found.*, 2021-Ohio-1084.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JUDY ADKINS, ADMINISTRATOR     :
OF THE ESTATE OF ERNESTINE
ADKINS,     :          No. 109534

         Plaintiff-Appellant,     :

         v.     :

WOMEN'S WELSH CLUB OF     :
AMERICA FOUNDATION, ET AL.,

         Defendants-Appellees.     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 1, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-891060

---

### *Appearances:*

Brent L. English, *for appellant*.

Bonezzi, Switzer, Polito & Hupp Co., L.P.A., Bret C. Perry, and Christopher F. Mars, *for appellees*, the Women's Welsh Club of America Foundation, the Welsh Home, and the Women's Welsh Clubs of America Foundation.

Moscarino & Treu, L.L.P., George M. Moscarino, John M. Moscarino, Torrin K. Treu, and Susan R. Massey, *for appellee*, Khaleel Deeb, M.D.

Reminger Co., L.P.A., Stephen E. Walters, Brian D. Sullivan, and Aaren R. Host, *for appellee*, Ali Ghalib Alhaddad, M.D.

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant, Judy Adkins ("Adkins"), appeals the trial court's decision to grant summary judgment in favor of the defendants-appellees, Khaleel Deeb, M.D., Ali Ghalib Alhaddad, M.D., the Women's Welsh Club of America Foundation, the Welsh Home, and the Women's Welsh Clubs of America Foundation (collectively "the appellees"). Adkins asks this court to reverse the trial court's decision and remand this case to the trial court for further proceedings. Finding no merit to this argument, we affirm.

## I.      Facts and Procedural History

{¶ 2} On January 3, 2018, Adkins filed a complaint for medical malpractice against the appellees alleging that they were responsible for the death of her mother, Ernestine Adkins ("Ernestine"). Adkins alleged that while Ernestine was residing at the Welsh Home, Drs. Deeb and Alhaddad jointly and severally, caused, allowed, permitted, and prescribed blood-thinning medication to Ernestine, resulting in her death. Adkins also alleged that the appellees were negligent in their care and treatment of Ernestine and, as a direct and proximate result of their negligence, Ernestine sustained pain and suffering resulting in her death.

{¶ 3} At the time of filing the complaint, Adkins also filed a motion for extension of time to provide a certificate of merit as required by Civ.R. 10(D)(2)(b).

The trial court denied Adkins's motion on January 24, 2018, stating, in part, that "[p]laintiff has failed to show good cause for an extension of time to file an affidavit of merit, as required by Ohio Civ.R. 10(D)(2)(b)."  Journal entry No. 102239498 (Jan. 24, 2018).

{¶ 4} The trial court, on the same day, dismissed Adkins's complaint against the appellees.  Adkins filed an appeal on February 23, 2018, and this court, on January 10, 2019, held in *Adkins v. Women's Welsh Club of Am.*, 8th Dist. Cuyahoga No. 106859, 2019-Ohio-70, that "the trial court erred by dismissing the action without providing appellant with adequate notice and an opportunity to respond." *Id.* at ¶ 22.  This court reversed the judgment of the trial court and vacated the dismissal entry from the case.  *Id.*  Additionally, this court ordered that the trial court "reinstate the instant case and grant appellant an opportunity to respond within ten days by filing an affidavit of merit as required by Civ.R. 10(D)(2)(a) or providing further information to demonstrate 'good cause' warranting an extension pursuant to Civ.R. 10(D)(2)(b) and (c)." *Id.*

{¶ 5} Upon remand, the case was placed on the active docket of the trial court.  On February 28, 2019, Adkins was ordered by the trial court to file an affidavit of merit within 14 days.  On March 14, 2019, Adkins filed a motion for extension of time to file the affidavit of merit.  In response, the appellees filed briefs in opposition to Adkins's motion.  The trial court denied the appellees' motions and granted Adkins's motion for an extension of time.  Adkins filed her affidavit of merit on April 4, 2019.

{¶ 6} On April 29, 2019, the trial court held a case-management conference outlining specific dates for litigation purposes. Two notable deadlines on the case-management schedule were that discovery was due on or before September 27, 2019, and Adkins's expert report deadline was October 11, 2019. Dr. Alhaddad filed a motion for judgment on the pleadings, and the trial court denied that motion on August 23, 2019, but found that Adkins's affidavit of merit, with respect to Dr. Alhaddad did not meet the requirements of Civ.R. 10(D)(2)(a). In the upcoming months, a series of motions were filed by the appellees to have the complaint dismissed, which were all denied by the trial court.

{¶ 7} Adkins failed to file the expert report on October 11, 2019, and did not provide an explanation to the trial court. On October 14 and 15, 2019, Drs. Deeb and Alhaddad filed motions for summary judgment, respectively. The remainder of the appellees filed a motion for summary judgment on November 14, 2019. The appellees argued that the trial court should grant summary judgment in favor of the appellees because Adkins failed to produce any expert medical evidence to support her medical malpractice claims against the appellees. On that same day, pursuant of Civ.R. 56(F) and 6(B), Adkins filed a motion for extension of time to respond in opposition to the motion for summary judgment and a motion requesting additional time to submit her expert report. The appellees opposed the motion for extension of time. The trial court denied Adkins's motions on December 10, 2019, stating that "there is not sufficient reason for an extension of time to file an opposition to

defendants' motions for summary judgment, submit expert reports, or to conduct additional discovery." Journal entry No. 111527571 (Dec. 10, 2019).

{¶ 8} Disregarding the trial court's denial, Adkins filed a notice of filing the expert report on December 13, 2019. In response, the appellees filed a motion to strike Adkins's notice of filing an expert report, stating "notice of filing expert [report] was filed contrary to the court's case management order and the court's 12/10/2019 ruling on plaintiff's motion for leave." On December 17, 2019, Adkins filed a brief in opposition to all of the appellees' motions for summary judgment.

{¶ 9} The trial court granted the summary judgment motions, stating, in part,

> This case comes before the court for ruling on defendants' motion for summary judgment. Upon due consideration, the court finds there remain no material issues of fact and that defendants are entitled to judgment as a matter of law because there is no expert testimony in the Civil Rule 56 evidentiary record establishing the relevant standard of care, the failure of the defendants to meet the standard of care, or a causal link between the negligent act and the injuries sustained. As expert testimony is required to establish these elements, defendants are entitled to judgment as a matter of law. In so ruling the court notes that even if it had not stricken plaintiff's notice of filing an expert report, this court could not consider said expert report as part of the Civil Rule 56 evidentiary record because it was never properly submitted through an affidavit.

Journal entry No. 112132325 (Jan. 22, 2020).

{¶ 10} Also, on January 22, 2020, the trial court granted the appellees' motion to strike Adkins's notice of filing expert report. Journal entry No. 112131600 (Jan. 22, 2020). After the trial court granted summary judgment in favor of the appellees, Adkins filed this appeal, assigning three errors for our review:

I. The trial court erred and abused its discretion by denying plaintiff a short extension of time to submit her expert report;

II. The trial court erred in granting the motions for summary judgment when the record contained unequivocal proof that plaintiff had produced an expert report, which was the only basis for defendants' sought summary judgment; and

III. The trial court further erred and abused its discretion by not extending appellant's time for responding to defendants' motions for summary judgment.

## II. Expert Report Submission

### A. Standard of Review

{¶ 11} In reviewing the trial court's denial of Adkins's motion for an extension of time to submit her expert report, we review for an abuse of discretion.

> "The decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion." *Kupczyk v. Kuschnir*, [8th Dist.] Cuyahoga No. 76614, 2000 Ohio App. LEXIS 3380 (July 27, 2000), citing *Miller v. Lint*, 62 Ohio St.2d 209, 404 N.E.2d 752 (1980). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Johnson v. Univ. Hosp. Case Med.*, 8th Dist. Cuyahoga No. 90960, 2009-Ohio-2119, ¶ 5.

### B. Law and Analysis

{¶ 12} In Adkins's first assignment error, she argues that the trial court erred by not granting her motion to extend the time to file an expert report. The record reveals that at the April 29, 2019 case management conference, that all parties were present via telephone and agreed to the schedule. The trial court set various

deadlines including a September 27, 2019 deadline for fact discovery and the October 11, 2019 deadline for Adkins to submit an expert report. Adkins failed to file an expert report as of the October 11th date. Adkins allege that the physician who had provided the affidavits of merit prior to the deadline had declined to be a testifying expert for personal reasons. Adkins states there was a need to find additional medical experts to complete the report and there was difficulty in obtaining medical records from the Welsh Home. Adkins contends that the expert report would be available on December 15, 2019.

{¶ 13} However, according to the record, Adkins did not notify the trial court of this issue before the October 11, 2019 deadline and did not request an extension until November 14, 2019. The notice to the trial court and request for extension of time were filed after the appellees had filed their respective motions for summary judgment on the basis that Adkins failed to file an expert report.

{¶ 14} In accordance with Civ.R. 10(D)(2)(a), Adkins was required to submit her expert report with her affidavit of merit, but failed to timely do so by October 11, 2019. Pursuant to Civ.R. 10(D)(2)(b), Adkins may file a motion to extend the period of time, but she must show good cause. *See, e.g., Wagers v. Kettering Affiliated Health Servs.*, 2d Dist. Montgomery No. 28192, 2020-Ohio-11*, ¶ 8; *Johnson*, 8th Dist. Cuyahoga No. 90960, 2009-Ohio-2119, at ¶ 8.

{¶ 15} In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:

(i) A description of any information necessary in order to obtain an affidavit of merit;

(ii) Whether the information is in the possession or control of a defendant or third party;

(iii) The scope and type of discovery necessary to obtain the information;

(iv) What efforts, if any, were taken to obtain the information;

(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

The trial court ruled that Adkins did not show good cause, and Adkins does not demonstrate that the trial court's decision was unreasonable, arbitrary, or unconscionable. Civ.R. 10(D)(2)(c); *Johnson* at ¶ 8-14.

{¶ 16} There is no dispute that Adkins's submission of the expert report was untimely. Also, that the request for an extension was filed more than 30 days after the filing deadline. The issue before us is whether the trial court abused its discretion in denying the requested extension. "This is a high standard to satisfy and we cannot simply substitute our judgment for that of the trial court." *Beegle v. S. Pointe Hosp.*, 8th Dist. Cuyahoga No. 96017, 2011-Ohio-3591, ¶ 15. Even if we agree that Adkins has established good cause, Adkins "must establish that the trial court's decision was 'more than an error in judgment' and that it was 'unreasonable, arbitrary, or unconscionable.'" *Id. See, e.g., Eschen v. Suico*, 9th Dist. Lorain No. 07CA009304, 2008-Ohio-4294, ¶ 11, quoting *MBNA Am. Bank N.A. v. Bailey*, 9th Dist. Summit No. 22912, 2006-Ohio-1550, at ¶ 10. ("'Trial judges are entitled to exercise considerable discretion in the management of the cases on their

dockets[.]'"); *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 22 (the trial court has not abused its discretion when denying a motion for extension of time where the defendant has not demonstrated good cause).

**{¶ 17}** Therefore, we find that the trial court's decision to deny Adkins's motion to extend the time to file her expert report was not an abuse of discretion.

**{¶ 18}** Adkins's first assignment of error is overruled.

## III.  Summary Judgment

### A.    Standard of Review

**{¶ 19}** "We review an appeal from summary judgment under a de novo standard." *Nationstar Mtge. L.L.C. v. Jessie*, 8th Dist. Cuyahoga No. 109394, 2021-Ohio-439, ¶ 14, citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000).  "Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Id.*, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

**{¶ 20}** Additionally,

> [u]nder Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.  On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264 (1996).  If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the

reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

*Maddy v. Honeywell Internatl. Inc.*, 8th Dist. Cuyahoga Nos. 108698 and 109066, 2020-Ohio-3969, ¶ 70.

**B.    Law and Analysis**

{¶ 21} Adkins argues that the trial court erred when it granted the appellees' summary judgment motions after she submitted the expert report. In its journal entry granting the appellees' summary judgment motion, the trial court stated that it found "there remain no material issues of fact and that defendants are entitled to judgment as a matter of law because there is no expert testimony in the Civil Rule 56 evidentiary record * * *." Journal entry No. 112132325 (Jan. 22, 2020).

{¶ 22} Adkins filed medical malpractice claims against the appellees, and therefore was required to provide an expert report with her affidavit of merit. "It is settled law in Ohio that in order to prevail in a medical malpractice claim, a plaintiff must demonstrate through expert testimony that, among other things, the treatment provided did not meet the prevailing standard of care." *Camastro v. Guyuron*, 8th Dist. Cuyahoga No. 80915, 2003-Ohio-27, ¶ 11, citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131-132, 346 N.E.2d 673 (1976).

{¶ 23} As we determined in the first assignment of error, the trial court did not abuse its discretion in failing to extend Adkins's time to submit an expert report. In the trial court's journal entry, it ruled that Adkins did not properly submit an

expert report, as required by Civ.R. 10(D)(2)(a). Additionally, the trial court granted the appellees' motion to strike Adkins's notice of filing an expert report. Therefore, the expert report was not considered to be a part of the record.

> Without an expert report, which was properly excluded by the trial court, and no argument that the medical malpractice claims fall under the exception to the medical expert requirement, appellant failed to satisfy her reciprocal burden of presenting evidence to demonstrate that a genuine issue of material fact exists, or that an exception to the general rule requiring expert testimony exists in this case.

*Kinasz v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 103758, 2016-Ohio-2949, ¶ 22.

{¶ 24} Adkins argues that she submitted an expert report, albeit untimely, it should be included in the record, and that the trial court erred when it stated in its journal entry that there was not an expert report submitted. However, "[t]he Ohio Supreme Court has affirmed this court in recognizing that an expert report may properly be excluded for purposes of summary judgment where it has been excluded for trial as a discovery sanction." *Camastro*, 8th Dist. Cuyahoga No. 80915, 2003-Ohio-27, ¶ 14, citing *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged*, 15 Ohio St.3d 44, 472 N.E.2d 704 (1984).

{¶ 25} Adkins failed to file a timely expert report, the trial court did not err in granting the appellees' motion to strike Adkins's untimely filed expert report, and the trial court did not err in granting the appellees' summary judgment motion. "Accordingly, no genuine issue of material fact exists and, on this record, appellees were entitled to judgment as a matter of law." *Id.*

{¶ 26} Adkins's second assignment of error is overruled.

## IV.   Extension of Time to File Response

### A.   Standard of Review

{¶ 27} "The trial court has wide discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F) and its decision will not be reversed absent an abuse of that discretion." *Scanlon v. Scanlon*, 2013-Ohio-2694, 993 N.E.2d 855, ¶ 24 (8th Dist.), citing *Ngaoka v. Soc. Natl. Bank*, 8th Dist. Cuyahoga No. 57288, 1990 Ohio App. LEXIS 2986 (July 19, 1990). "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.   Law and Analysis

{¶ 28} Adkins argues that the trial court abused its discretion by denying her motion for extension of time to respond to the motions for summary judgments filed by the appellees where the motion was supported by facts and law and where she informed the court of its reasons and the amount of time needed. In October, the doctors filed their motions for summary judgment, and in November, the nursing home filed a motion for summary judgment. On that same day, Adkins filed a motion for an extension of time to file an opposition to the summary judgment motions. The trial court denied Adkins's motion on December 10, 2019, stating:

> Plaintiff's motions for enlargement of time to file objections and evidence in opposition to defendants' motions for summary judgment and motion for a continuance of discovery filed 11/14/2019 are

denied. The court finds that there is not sufficient reason for an extension of time to file an opposition to defendants' motions for summary judgment, submit expert reports, or to conduct additional discovery.

Journal entry No. 111527571 (Dec. 10, 2019). Despite the trial court's denial, Adkins filed a brief in opposition to the appellees' summary judgment motions on December 17, 2019.

{¶ 29} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Cleveland v. Washington*, 8th Dist. Cuyahoga Nos. 97945 and 97946, 2013-Ohio-367, ¶ 11, quoting *State v. Bayless*, 48 Ohio St.2d 73, 101, 357 N.E.2d 1035 (1976). Adkins has not demonstrated that the trial court abused its discretion. Adkins claims that an extension was needed to obtain medical records from the Welsh Home. However, Adkins noted in her brief that the issue was resolved, and Adkins did file her brief in opposition, so an extension was not needed.

{¶ 30} Therefore, Adkins's third assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR