[Cite as *Hrina v. KLS Martin, L.P.*, 2025-Ohio-549.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF OHIO

DAVID HRINA, INDIVIDUALLY &
AS ADMINISTRATOR, ET AL.,          :

                                   :          No. 113963

      Plaintiffs-Appellants,

                                   :

      v.

                                   :

KLS MARTIN, L.P., ET AL.,

                                   :

      Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-989264

---

***Appearances:***

Bashein & Bashein Co., L.P.A., W. Craig Bashein, and
Stephan C. Kremer; Flowers & Grube, Louis E. Grube, and
Kendra N. Davitt, *for appellants*.

Tucker Ellis LLP, Elisabeth C. Arko, Ethan W. Weber,
Edward E. Taber, and Kelli Novak, *for appellee* University
Hospitals Cleveland Medical Center.

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiffs-appellants David Hrina, Individually, and as Administrator

of the Estate of Pamela Hrina, et al., appeal the decision of the trial court that denied

their motion for leave to file an affidavit of merit and granted the motion to dismiss of defendant-appellee University Hospitals Cleveland Medical Center ("UHCMC"). Upon review, we affirm.

I.     Background

{¶ 2}   Appellants initially filed an action in May 2022. In the initial action, plaintiffs sought and were granted an extension to submit an affidavit of merit, but no affidavit of merit was ever filed. Ultimately, UHCMC's motion to dismiss for failure to comply with the requirements of Civ.R. 10(D)(2) was granted and the claims against the remaining defendants were voluntarily dismissed without prejudice.

{¶ 3}   On November 29, 2023, appellants refiled a complaint against KLS Martin, L.P. ("KLS"), UHCMC, and Faisal Quereshy, M.D. ("Quereshy"). Among other allegations, appellants alleged that in November 2020 Pamela Hrina had surgery at UHCMC, that as part of the surgery a "mandibular distractor" was inserted, that about two weeks later she was in significant pain and it was discovered that the medical device was broken, and that she underwent surgery for its removal.[1]

{¶ 4}   The complaint raised claims for statutory products liability and breach of warranty against KLS, a claim of medical malpractice against UHCMC and Quereshy, and claims for loss of consortium and punitive damages against all defendants. Contemporaneous with the complaint, appellants filed a motion for an

---

[1] Appellants indicate in their brief that Pamela Hrina passed away in April 2022 from an unrelated condition.

extension of time to file an affidavit of merit. The trial court granted the extension for 90 days, with a new deadline of February 27, 2024. The trial court also granted UHCMC's motion for leave to plead and stay of discovery until 14 days after the filing of a conforming affidavit of merit.

{¶ 5} On March 5, 2024, the trial court granted an unopposed motion to dismiss of defendant KLS and the claims against that defendant were dismissed with prejudice. Appellants' motion for reconsideration of this ruling was later denied.

{¶ 6} Appellants failed to file an affidavit of merit within the 90-day extension period. On March 13, 2024, UHCMC filed a motion to dismiss appellants' refiled complaint for failure to comply with the requirements of Civ.R. 10(D)(2). On March 26, 2024, appellants filed a notice of filing the affidavit of merit along with a motion for leave. Appellants also filed a motion for an extension of time to respond to UHCMC's motion to dismiss. UHCMC opposed appellants' motions and moved to strike the notice of filing of the affidavit of merit. UHCMC argued in part that the affidavit of merit was not timely submitted and that the affidavit of merit did not even meet the basic requirements of Civ.R. 10(D)(2) to support appellants' medical claim against UHCMC and codefendant Quereshy. Additional pleadings were filed.

{¶ 7} On April 23, 2024, the trial court denied appellants' motion for leave to file an affidavit of merit, granted UHCMC's motion to dismiss appellants' refiled complaint, and declined to address motions to strike. The trial court found there was "no just reason for delay." Thereafter, on April 29, 2024, the trial court deemed several pending motions moot.

{¶ 8} In the meantime, codefendant Quereshy was granted extensions of time to respond to the refiled complaint. On May 17, 2024, Quereshy filed a motion to dismiss the complaint for failing to comply with Civ.R. 10(D)(2)(a).

{¶ 9} On May 22, 2024, appellants appealed the trial court's April 23, 2024 decision. The trial court stayed the proceedings below.

II. Final Appealable Order

{¶ 10} Before considering the merits of the assigned errors, we must first consider whether we have jurisdiction to hear this appeal. The parties were ordered to file supplemental briefs, and both argue that there is a final appealable order.

{¶ 11} The jurisdiction of an appellate court to review a trial court's decision is limited to final appealable orders. *Rae-Ann Suburban, Inc. v. Wolf*, 2019-Ohio-1451, ¶ 9 (8th Dist.), citing Ohio Const., art. IV, § 3(B)(2); R.C. 2505.02 and 2505.03. A reviewing court must examine, sua sponte, potential deficiencies in jurisdiction. *Id.*

{¶ 12} A final appealable order exists only when it meets "'the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) . . . .'" *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 15, quoting *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 5. In this case, the trial court's entry dismissing all claims against UHCMC meets the requirements for a final order under R.C. 2505.02. Also, because the trial court entered final judgment as to fewer than all claims against all parties in this case, Civ.R. 54(B) is applicable, and the trial court included the requisite Civ.R. 54(B) language.

{¶ 13} As explained by the Supreme Court of Ohio, "In the ordinary case, Civ.R. 54(B) certification demonstrates that the trial court has determined that an order, albeit interlocutory, should be immediately appealable, in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals." *Sullivan v. Anderson Twp.*, 2009-Ohio-1971, ¶ 11, citing *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354-355 (1993); *Noble v. Colwell*, 44 Ohio St.3d 92, 97 (1989). The trial court's determination "is entitled to the same presumption of correctness that it is accorded regarding other factual findings." *Wisintainer* at 355. "[W]here the record indicates that the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' the trial court's certification determination must stand." *Id.* at paragraph two of the syllabus. However, where "the interests of judicial economy are not served by immediate appeal, a trial court's Civ.R. 54(B) finding is 'subject to reversal.'" *Wolfe*, 2019-Ohio-1451, at ¶ 15 (8th Dist.), quoting *Third Fed. S. & L. v. Krych*, 2013-Ohio-4483 (8th Dist.).[2]

{¶ 14} In this case, the trial court denied appellants' request for leave to file an affidavit of merit and dismissed all claims against UHCMC. Quereshy filed his own motion to dismiss in the trial court. It is entirely conceivable that the outcome

---

[2] We note that the procedural and factual circumstances presented in *Wolfe* and in *Krych* are distinguishable from those herein. In *Wolfe*, the claim that was addressed in an order granting partial summary judgment was factually intertwined with claims that remained pending against other defendants and the issue of punitive damages was unresolved. *Id.* at ¶ 7, 18-20. *Krych* is likewise distinguishable and involved still-pending counterclaims that were interrelated to claims on which summary judgment was entered. *Id.* at ¶ 9.

of this appeal would aid judicial economy in the trial court. Moreover, the possibility of a subsequent trial on the merits of the same claims demonstrates that judicial economy could be served by an immediate appeal of the court's ruling dismissing the claims against UHCMC. As stated in *Wisintainer*, "More important than the avoidance of piecemeal appeals is the avoidance of piecemeal trials. It conserves expense for the parties . . . ." *Id*. at 355. Because the interests of sound judicial administration could be served by a finding of no just reason for delay in the present case, the trial court's certification shall stand. Accordingly, we shall proceed to address the merits of this appeal.

### III. ASSIGNMENTS OF ERROR

{¶ 15} Appellants raise two assignments of error claiming the trial court (1) abused its discretion by denying them leave to submit an affidavit of merit, and (2) erred and denied appellants' due process rights when dismissing the claims against UHCMC. Although we ordinarily employ a de novo standard of review to the trial court's decision to dismiss the complaint, an abuse-of-discretion standard applies to the trial court's ruling on a request for extension of time to file an affidavit of merit. *See Beegle v. S. Pointe Hosp.*, 2011-Ohio-3591, ¶ 7 (8th Dist.), citing *Johnson v. Univ. Hosp. Case Med. Ctr.*, 2009-Ohio-2119, ¶ 5 (8th Dist.).

{¶ 16} Pursuant to Civ.R. 10(D)(2)(a), a complaint that contains a medical claim is required to be accompanied by an affidavit of merit, unless an extension has been granted in accordance with Civ.R. 10(D)(2)(b). As recognized by the Supreme Court of Ohio, the purpose of Civ.R. 10(D)(2) is "to deter the filing of frivolous

medical-malpractice claims" and "to place a heightened pleading requirement on parties bringing medical claims." *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, ¶ 10, 12.

{¶ 17} The rule allows for an extension of time to file an affidavit of merit and provides as follows:

> (b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

Civ.R. 10(D)(2)(b). The staff notes to Civ.R. 10(D) indicate that

> [d]ivision (D)(2)(b) of the rule sets an outside limit of 90 days to extend the time for the filing of an affidavit of merit, unless the court determines that the defendant or a nonparty in possession of the records has failed to cooperate with discovery, and in that circumstance the court may grant an extension beyond 90 days. This division also vests the trial court with the discretion to determine whether any other circumstances justify granting an extension beyond the 90 days.
>
> The rule is intended to make clear that the affidavit is necessary to establish the sufficiency of the complaint. The failure to comply with the rule can result in the dismissal of the complaint, and this dismissal is considered to be a dismissal otherwise than upon the merits pursuant to Civ.R. 10(D)(2)(d).

2007 Staff Note, Civ.R. 10(D).

{¶ 18} In this refiled action, appellants were granted a 90-day extension of time to file an affidavit of merit. Appellants did not adhere to this deadline and did not seek any further extension before the deadline. It was not until after UHCMC had moved to dismiss the complaint on March 13, 2024, for appellants' failure to

submit an affidavit of merit, and nearly a month after the extension deadline, that appellants requested leave to file an affidavit of merit. Appellants explained that Dr. Dagostino, who is a dentist, "only completed his review of Pamela Hrina's medical records and made an affidavit of merit available on March 25, 2024. While [the trial court] previously granted an additional ninety days until February 27, 2024 to acquire an affidavit of merit, counsel was just able to acquire one through reasonable diligence this week." No additional details were provided. In opposing the request for leave, UHCMC argued in part that this was "the second iteration of this case, and the second time that Plaintiffs have failed to comply with a 90-day extension of time to submit an affidavit of merit," and that they had not identified any extenuating circumstances to explain the delay or demonstrated "good cause" for the tardy affidavit of merit. The trial court did not find the circumstances of this case justified an extension beyond the 90 days for filing the affidavit of merit.

{¶ 19} We find no abuse of discretion by the trial court. As this court has previously recognized, the abuse-of-discretion standard "'is a high standard to satisfy and we cannot simply substitute our judgment for that of the trial court.'" *Adkins v. Women's Welsh Club of Am. Found.* (*Adkins* II), 2021-Ohio-1084, ¶ 16 (8th Dist.), quoting *Beegle*, 2011-Ohio-3591, at ¶ 15 (8th Dist.).[3] From the record

---

[3] In *Beegle*, this court found that a trial court did not abuse its discretion in denying a requested extension in a refiled medical malpractice action under circumstances where an affidavit of merit was not attached to the complaint, the defendant had filed a motion to dismiss pursuant to Civ.R. 12(B)(6), an unopposed extension of time to respond had been granted, the plaintiff filed an opposition to the motion to dismiss that sought a 30-day extension in which to obtain the affidavit of merit, and the trial court had found Beegle

before us, we are unable to find the trial court's decision to deny appellants' request for leave to file an affidavit of merit was arbitrary, capricious, or unconscionable in this matter.

{¶ 20} We also do not find that the trial court erred by granting the motion to dismiss the claims against UHCMC. Contrary to appellants' argument, appellants had both notice and an opportunity to be heard. This case is readily distinguishable from *Adkins v. Women's Welsh Club of Am.* ("*Adkins* I"), 2019-Ohio-70 (8th Dist.), which is cited by appellants. In *Adkins* I, this court found a trial court erred by dismissing a refiled medical malpractice action contemporaneous to a determination that the plaintiff demonstrated no good cause for an extension of time to file an affidavit of merit when "there was no [pending] motion to dismiss pursuant to Civ.R. 12(B)(6)" and the trial court did not afford Adkins any notice or opportunity to respond to the trial court's dismissal of the action. *Adkins* I at ¶ 4, 10, 22. As this court recognized, a trial court has discretion to sua sponte dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to comply with the civil rules, provided notice is given. *Adkins* I at ¶ 11. Under the circumstances involved in *Adkins* I, it was determined that the trial court provided Adkins neither notice of any possible dismissal nor an opportunity to respond against that action. *Id.* at ¶ 13.

{¶ 21} Unlike *Adkins* I, this is not a case wherein the trial court dismissed the action without a pending motion to dismiss such that it could be said that

---

failed to demonstrate good cause under Civ.R. 10(D)(2)(C) and already had sufficient time to obtain the affidavit of merit. *Id.* at ¶ 15-22.

appellants lacked notice of the possibility of a dismissal or an opportunity to respond. Here, a motion to dismiss was pending and appellants were afforded notice and an opportunity to respond before the trial court dismissed the action. Although appellants sought an extension of time to respond to the motion to dismiss, the trial court did not abuse its discretion in rendering a decision.

{¶ 22} We recognize that following the remand in *Adkins* I, the trial court therein eventually denied Adkins's motion for an extension of time to file her expert report when the request was untimely made more than 30 days after the filing deadline, and the court also granted a motion to strike the notice of filing the expert report and granted summary judgment to the defendants. *Adkins* II, 2021-Ohio-1084, at ¶ 7-10 (8th Dist.). Those rulings were upheld on appeal in *Adkins* II. *Id*. at ¶ 16-17, 25.

{¶ 23} The circumstances herein show that appellants were given a 90-day extension of time to file an affidavit of merit in this refiled action, they failed to do so, and a motion to dismiss was filed that was not timely opposed. No denial of due process occurred, and the trial court did not err by granting UHCMC's motion to dismiss based on appellants' failure to timely file an affidavit of merit.[4]

{¶ 24} Additionally, our review of the record does not reflect that there was unfairness toward appellants. Although the record reflects that UHCMC had been provided leave to respond to the complaint and discovery was stayed, this was

---

[4] Other cases relied on by appellants are factually and procedurally distinguishable from this matter.

because no affidavit of merit had been filed. KLS was dismissed earlier in the proceedings, and reconsideration of that decision was later denied. Quereshy's counsel filed a notice of appearance on March 28, 2024, timely sought extensions to the answer deadline, and withdrew; and his new counsel filed a motion to dismiss after having sought additional time to respond.

{¶ 25} We are not persuaded by any other arguments raised by appellants. The assignments of error are overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)