[Cite as *Hrina v. KLS Martin, L.P.*, 2026-Ohio-1276.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

DAVID HRINA, INDIVIDUALLY AND   :
AS ADMINISTRATOR OF THE ESTATE
OF PAMELA HRINA, ET AL.,           :

      Plaintiffs-Appellants,     :

                      No. 115222

      v.                   :

KLS MARTIN, L.P., ET AL.,       :

      Defendants-Appellees.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-989264

---

***Appearances:***

Bashein & Bashein Co., L.P.A. and W. Craig Bashein; Flowers & Grube, Michael J. Factor, Louis E. Grube, and Paul W. Flowers, *for appellants*.

UB Greensfelder LLP, and Dolores Garcia, *for appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiffs-appellants David Hrina, individually and as administrator of the estate of Pamela Hrina, and Claire Elise Hrina and Jack Dylan Hrina, minor children of David Hrina (collectively "appellants"), appeal an order dismissing their

complaint against defendant-appellee Dr. Faisal Quereshy ("Dr. Quereshy"). Appellants claim the following error:

> The trial court erred by granting the Civ.R. 12(B)(6) motion to dismiss submitted by defendant Dr. Faisel Quereshy M.D.

{¶ 2} We find that the trial court properly dismissed appellants' refiled complaint because they failed to timely file an affidavit of merit to support their medical claims as required by Civ.R. 10(D)(2). Accordingly, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} On November 5, 2020, Pamela Hrina ("Pamela") underwent surgery at University Hospitals Medical Center ("UH") to insert a mandibular reconstruction plate. Shortly thereafter, Pamela experienced pain in her jaw, and subsequent diagnostic testing showed that the plate was broken and required removal. A second surgery was performed on November 25, 2020, to remove the plate.

{¶ 4} On May 20, 2022, appellants filed suit, alleging products-liability claims against the manufacturers and distributors of the mandibular plate and medical-malpractice claims against Dr. Quereshy and UH.[1] Simultaneously with the filing of their complaint, appellants sought and obtained an extension of time to file their affidavit of merit in accordance with Civ.R. 10(D)(2)(b). On July 12, 2023, over

---

[1] "An appellate court is permitted to take judicial notice of publicly accessible online court dockets." *State v. Wagner*, 2023-Ohio-1215, ¶ 64 (8th Dist.). Accordingly, we take judicial notice of the docket in the appellants' previously filed medical malpractice case against Dr. Quereshy that was commenced with the filing of appellants' original complaint on May 20, 2022.

a year after the complaint was filed, the trial court granted a motion to dismiss, filed by UH, to dismiss appellants' claims against it because they had not filed an affidavit of merit in support of their medical-malpractice claims as required by Civ.R. 10(D)(2). In accordance with Civ.R. 10(D)(2), the trial court dismissed all of appellants' medical claims without prejudice. Thereafter, appellants dismissed the remaining products-liability claims without prejudice pursuant to Civ.R. 41(A).

{¶ 5} Appellants refiled their complaint on November 29, 2023, alleging the same claims against the same parties as before. Simultaneously with the refiling of their complaint, appellants again requested an additional 90 days to submit their affidavit of merit. The trial court granted the request and provided a new deadline of February 27, 2024.

{¶ 6} On March 13, 2024, when no affidavit of merit had been filed, UH once again moved to dismiss appellants' medical claims. On March 26, 2024, appellants filed a motion for leave to file their affidavit of merit, but it was too late. The trial court granted UH's motion to dismiss, denied appellants' motion for leave to file their affidavit of merit, and dismissed UH from the case. The trial court had previously dismissed the products-liability claims for reasons unrelated to the affidavit of merit, leaving Dr. Quereshy as the sole remaining defendant.

{¶ 7} Dr. Quereshy did not file a motion to dismiss the medical claims against him at the same time as UH. His then counsel had discovered a conflict of interest regarding his representation, filed a motion to withdraw, and requested an extension of time to respond to appellants' complaint. (*See* Apr. 23, 2024, motion

to withdraw and for extension of time.) Dr. Quereshy's newly retained lawyer filed a motion to dismiss the medical claims because of appellants' failure to timely file an affidavit of merit on May 17, 2024. Shortly thereafter, appellants appealed the dismissal of their medical claims against UH, and the appeal stayed any further action on Dr. Quereshy's pending motion.

{¶ 8} This court affirmed the dismissal of appellants' medical claims against UH for failure to comply with Civ.R. 10(D)(2), and it remanded the case to the trial court for further proceedings on the remaining claims. *Hrina v. Martin*, *L.P.*, 2025-Ohio-549 (8th Dist.) ("*Hrina I*"). On remand, on April 7, 2025, appellants filed an amended refiled complaint, alleging medical claims solely against Dr. Quereshy. Appellants included an affidavit of merit with the amended refiled complaint. Dr. Quereshy filed a motion to dismiss the amended refiled complaint, arguing that because appellants failed to file their affidavit of merit by the court's extended deadline, the complaint should be dismissed. The trial court agreed and dismissed the complaint. This appeal followed.

## II. Law and Analysis

{¶ 9} In the sole assignment of error, appellants argue the trial court erred in granting Dr. Quereshy's motion to dismiss.

{¶ 10} Dr. Quereshy filed his motion to dismiss pursuant to Civ.R. 12(B)(6) and Civ.R. 10(D)(2). A trial court's review of a Civ.R. 12(B)(6) motion to dismiss is limited to the four corners of the complaint along with any documents properly attached to, or incorporated within, the complaint. *Glazer v. Chase Home Fin.*

*L.L.C.*, 2013-Ohio-5589, ¶ 38 (8th Dist.). In our review of a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jenkins v. Cleveland*, 2017-Ohio-1054, ¶ 8 (8th Dist.), citing *Johnson v. Microsoft Corp.*, 2005-Ohio-4985, ¶ 6. For a party to ultimately prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a trial court granting relief. *Id.*, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).

{¶ 11} It is undisputed that appellants' amended refiled complaint alleges medical claims against Dr. Quereshy that require an affidavit of merit. (*See* plaintiffs' memorandum in opposition to defendant Dr. Faisal Quereshy's second motion to dismiss p. 6-7.) Pursuant to Civ.R. 10(D)(2)(a), a complaint alleging a medical claim must be accompanied by an affidavit of merit, unless the court grants an extension pursuant to Civ.R. 10(D)(2)(b).

{¶ 12} Civ.R. 10(D)(2)(b) governs the extension of time to file an affidavit of merit and provides:

> The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, *not to exceed ninety days*, except the time may be extended beyond ninety days if the court determines that a defendant or nonparty has failed to cooperate with discovery or that other circumstances warrant extension.

(Emphasis added.) The staff notes to Civ.R. 10(D) further state, in relevant part:

Division (D)(2)(b) of *the rule sets an outside limit of 90 days to extend the time for the filing of an affidavit of merit*, unless the court determines that the defendant or a nonparty in possession of the records has failed to cooperate with discovery, and in that circumstance the court may grant an extension beyond 90 days. This division also vests the trial court with the discretion to determine whether any other circumstances justify granting an extension beyond the 90 days.

The rule is intended to make clear that the affidavit is necessary to establish the sufficiency of the complaint. The failure to comply with the rule can result in the dismissal of the complaint, and this dismissal is considered to be a dismissal otherwise than upon the merits pursuant to Civ.R. 10(D)(2)(d).

(Emphasis added.)

{¶ 13} Failure to timely file an affidavit of merit is grounds for dismissal of the complaint. *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, ¶ 3 and 13, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992) ("Because the heightened standard imposed by the explicit text of Civ.R. 10(D)(2)(c), now (d), goes directly to the sufficiency of the complaint, a motion to dismiss for failure to state a claim upon which relief can be granted is the proper remedy when the plaintiff fails to include an affidavit of merit.").

{¶ 14} In this refiled action, appellants were granted a 90-day extension of time to file an affidavit of merit. They did not file the affidavit of merit within that 90-day period even though the medical claims alleged in the refiled complaint filed on November 29, 2023, were identical to those originally alleged in the complaint filed in May 2022. In *Hrina I*, we noted:

It was not until after [UH] had moved to dismiss the complaint on March 13, 2024, for appellants' failure to submit an affidavit of merit, and nearly a month after the extension deadline, that appellants requested leave to file an affidavit of merit. Appellants explained that

Dr. Dagostino, who is a dentist, "only completed his review of Pamela Hrina's medical records and made an affidavit of merit available on March 25, 2024. While [the trial court] previously granted an additional ninety days until February 27, 2024 to acquire an affidavit of merit, counsel was just able to acquire one through reasonable diligence this week." No additional details were provided. In opposing the request for leave, UH argued in part that this was "the second iteration of this case, and the second time that Plaintiffs have failed to comply with a 90-day extension of time to submit an affidavit of merit," and that they had not identified any extenuating circumstances to explain the delay or demonstrated "good cause" for the tardy affidavit of merit. The trial court did not find the circumstances of this case justified an extension beyond the 90 days for filing the affidavit of merit.

{¶ 15} Appellants similarly did not attempt to present a "good cause" argument to justify their tardy filing of an affidavit of merit in response to Dr. Quereshy's motion to dismiss. They argued instead that the court should have treated their filing of the affidavit of merit as timely because they filed it with an amended complaint and that, pursuant to Civ.R. 15(C), it related back to the original refiled complaint since no new defendants were added. Civ.R. 15(C) governs the relation back of amendments and states, in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

{¶ 16} However, as previously stated, Civ.R. 10(D)(2)(b) governs the extension of time to file an affidavit of merit and it permits an extension of no more than 90 days, with certain limited exceptions and with "good cause" shown. Appellants have made no attempt to demonstrate "good cause." If a motion to dismiss for failure to comply with the extensions provisions in Civ.R. 10(D)(2)(b)

could be defeated by simply filing an amended complaint that included an affidavit of merit, Civ.R. 10(D)(2)(b)'s limitation on extensions would be rendered meaningless. This cannot be the intent of those who drafted Civ.R. 10(D)(2)(b).

{¶ 17} Civ.R. 1(B) states that the Ohio Civil Rules "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." This language is consistent with Civ.R. 10(D)(2)'s strict limit of a 90 day-extension, especially when considered with the purpose of Civ.R. 10(D)(2), which is "'to deter the filing of frivolous medical-malpractice claims' and 'to place a heightened pleading requirement on parties bringing medical claims.'" *Hrina I*, 2025-Ohio-549, at ¶ 16 (8th Dist.), quoting *Fletcher*, 2008-Ohio-5379, at ¶ 10 and 12.

{¶ 18} The Ohio Supreme Court has held that "[t]he primary purpose of Civ.R. 15(C) is to preserve actions which, through mistaken identity or misnomer, have been filed against the wrong person." *Littleton v. Good Samaritan Hosp. & Health Ctr.,* 39 Ohio St.3d 86, 101 (1988). We have similarly held that Civ.R. 15(C) is intended "to correct a misnomer or to resolve minor errors." *Estate of Finley v. Cleveland Metroparks*, 2010-Ohio-4013, ¶ 19 (8th Dist.), citing *State Farm Mut. Auto. Ins. Co. v. Sandhu Auto Mechanic, Inc.,* 1986 Ohio App. LEXIS 8741 (8th Dist. Oct. 16, 1986). *See also Askew v. Summit Cty.*, 2024-Ohio-2151, ¶ 12 (9th Dist.), quoting *Estate of Finley* at ¶ 19 ("Civ.R. 15(C) allows the substitution of a party 'to correct a misnomer or to resolve minor errors.'").

{¶ 19} When we consider Civ.R. 15(C) in conjunction with the plain language of Civ.R. 10(D)(2) and Civ.R. 1(B) and the case law defining the limited purpose of Civ.R. 15(C), we can only conclude that Civ.R. 15(C) permits the correction of minor pleading errors but is not intended to allow plaintiffs to circumvent the limitations period provided in Civ.R. 10(D)(2)(b) by simply filing an amended complaint.

{¶ 20} Moreover, we previously held in this case that the trial court did not abuse its discretion in either setting the deadline for filing the affidavit of merit or in dismissing appellants' complaint for failure to meet that deadline. *Hrina I* at ¶ 23. We, therefore, find no abuse of discretion in the trial court's refusal to allow appellants' untimely submission of an affidavit of merit now to cure the deficiency in appellants' complaint.

{¶ 21} Appellants nevertheless complain that the trial court treated them unfairly because it granted Dr. Quereshy leave to file a responsive pleading after the response deadline had passed. We find no unfairness. Appellants originally filed their complaint on May 20, 2022, and the trial court granted them a 90-day extension to file the required affidavit of merit. The original complaint was dismissed over a year later because appellants failed to file the required affidavit of merit. Appellants refiled the complaint on November 29, 2023, but still did not have the required affidavit of merit. The trial court gave them another 90-day extension of time to file the affidavit of merit, and they missed that deadline. The court gave extensions to both sides, but appellants failed to file the affidavit of merit after receiving two 90-day extensions and after refiling the complaint. Moreover,

Civ.R. 10(D)(2) provides a strict 90-day limitation period. We, therefore, find no abuse of discretion in the court's decision to dismiss the complaint against Dr. Quereshy as a result of appellants' failure to timely file an affidavit of merit as required by Civ.R. 10(D)(2).

{¶ 22} The sole assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR